UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

ROCHESTER LABORERS' WELFARE-S.U.B.
FUND, by Robert Brown as Chairman, and
Daniel Hogan as Secretary, et al.,

DECISION AND ORDER

Plaintiffs,

13-CV-6052 CJS

-v-

MASSA CONSTRUCTION, INC., et al.,

Defendants.

APPEARANCES

For Plaintiffs:            Jennifer A. Clark, Esq.
                           Blitman & King LLP
                           Franklin Center, Suite 300
                           443 North Franklin Street
                           Syracuse, New York 13204

For Defendants:            Alan R. Peterman, Esq.
                           Hiscock & Barclay, LLP
                           One Park Place
                           300 South State Street
                           P.O. Box 4878
                           Syracuse, New York 13221-4878

INTRODUCTION

This is an action to collect monies allegedly owed under a collective bargaining

agreement, brought pursuant to the Employee Retirement Income Security Act of 1974

("ERISA"), 29 U.S.C. § § 1001 *et seq*. and § 301 of the Labor Management Relations Act

("LMRA"), as amended, 29 U.S.C. § 185(a). Now before the Court is Defendants' motion

(Docket No. [#7]) to dismiss the complaint for failure to state a claim. The application is

denied.

BACKGROUND

The subject action is brought by the Rochester Laborers' Welfare-S.U.B. Fund, the Rochester Laborers' Pension Fund, the Rochester Laborers' Annuity Fund, the Rochester Laborers' Apprentice and Training Fund and the Rochester Laborers' International Union of North America, Local 435. The Complaint [#1] indicates that Plaintiffs and Defendants are parties to a collective bargaining agreement that requires Defendants to, *inter alia*, pay certain contributions and deductions to Plaintiffs for each hour worked that month by any covered laborer that Defendant employs. The collective bargaining agreement also requires Defendants to make certain reports to the Plaintiff funds, and to allow inspection of their records upon demand. The collective bargaining agreement further provides that if Defendants fail to make the required payments, they become liable for interest, liquidated damages, costs and legal fees.

The Complaint alleges that during the period of March 2008 through December 2010, Defendants failed to make the required payments, and are therefore liable for the unpaid contributions and deductions, interest, liquidated damages, costs and legal fees. For example, the Complaint states:

> During the period March 1, 2008 to date and in connection with various projects, Defendants employed individuals or subcontractors covered by the Agreement who performed work on the projects for the benefit of the projects and Defendants. As a result of the labor supplied by covered employee and subcontractors, Defendants, upon information and belief, received sums of money from these projects which were to be used to pay the cost of the labor and satisfy the claims of the Plaintiffs and all of the persons furnishing and supplying the labor. On and after March 1, 2008, Defendants failed to remit contributions and deductions with regard to hours worked by employees or subcontractors covered by the Agreement and the Defendants currently owe monies to the Plaintiffs.

Complaint [#1] ¶ ¶ 55-57.  In addition, the Complaint contends that between July 2010 and

October 2010, Defendants made untimely partial payments, and therefore owe additional

payments, interest, liquidated damages, costs and legal fees. *Id*. at ¶ ¶ 31-32.  The

Complaint further alleges that rather than paying the amounts due under the collective

bargaining agreement, Defendants misused the monies for their own purposes. *Id*. ¶ ¶ 59,

62-65.  The Complaint additionally suggests that Defendants have failed to make their

records available upon demand, and are required to allow inspection of those records and

to pay the costs of an audit. *Id*. at ¶ ¶ 35-39, 73.[1]

Based upon such allegations, the Complaint purports to assert the following six

causes of action: 1) violation of ERISA, 29 U.S.C. § 1145,[2] based on non-payment

between March 2008 and December 2010; 2) violation of ERISA, 29 U.S.C. § 1145, based

on late- and partial-payment between July 2010 and October 2010; 3) breach of

contractual and statutory obligations to maintain records, make timely reports and allow

---

[1]It is of course well-settled that in resolving a 12(b)(6) motion, the Court is limited as to what it can consider. *See, Vasquez v. City of New York*, No. 10 Civ. 6277(LBS), 2012 WL 4377774 at *1 (S.D.N.Y. Sep.24, 2012). (On a 12(b)(6) motion, "a court may consider 'documents attached to the complaint as an exhibit or incorporated in it by reference, ... matters of which judicial notice may be taken, or ... documents either in plaintiffs' possession or of which plaintiffs had knowledge and relied on in bringing suit.' " *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 153 (2d Cir.2002) ( *quoting Brass v. Am. Film Techs., Inc.*, 987 F.2d 142, 150 (2d Cir.1993))."). Obviously, the Court cannot use the factual assertions of counsel, made during oral argument, to resolve this motion.  However, merely for the purpose of providing context, it appears from counsels' comments that the underlying dispute between the parties concerns a disagreement as to whether particular employees who performed work for Defendant were acting as "laborers" within the meaning of the collective bargaining agreement.

[2]29 U.S.C.A. § 1145 states: "Every employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement." (West 2013).

inspection of records[3]; 4) misuse of Plaintiffs' property in violation of ERISA, 29 U.S.C. §

1106[4]; 5) breach of fiduciary duties in violation of ERISA, 29 U.S.C. § § 1104(a)(1)(A) and

1109[5]; and 6) a claim for injunctive relief in connection with the foregoing claims.

On March 5, 2013, Defendants filed the subject motion to dismiss [#7], purportedly

because "Plaintiff's complaint is devoid of any factual allegations supporting the requested

relief." Peterman Aff. [#7-1] at ¶ 5. More specifically, Defendants contend that the

Complaint does not explain why Defendants owe Plaintiffs money, or how Plaintiffs

calculated the amounts allegedly owed. Defendants also contend that the pleading fails

to allege that Plaintiffs ever requested an audit of Defendants' books and fails to explain

how Defendants converted plan assets or failed to comply with their contractual or fiduciary

obligations to Plaintiffs. Overall, Defendants assert that "Plaintiffs' Complaint is nothing

---

[3]29 U.S.C.A. § 185(a) states that "[s]uits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce as defined in this chapter, or between any such labor organizations, may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties." (West 2013).

[4]29 U.S.C.A. § 1106(b)(1) states that "[a] fiduciary with respect to a plan shall not . . . deal with the assets of the plan in his own interest or for his own account." (West 2013).

[5]29 U.S.C.A. § 1104(a)(1)(A) states, in pertinent part, that "a fiduciary shall discharge his duties with respect to a plan solely in the interest of the participants and beneficiaries and . . . for the exclusive purpose of: (i) providing benefits to participants and their beneficiaries; and (ii) defraying reasonable expenses of administering the plan;" (West 2013). 29 U.S.C.A. § 1109(a) states, in pertinent part, that "[a]ny person who is a fiduciary with respect to a plan who breaches any of the responsibilities, obligations, or duties imposed upon fiduciaries by this subchapter shall be personally liable to make good to such plan any losses to the plan resulting from each such breach, and to restore to such plan any profits of such fiduciary which have been made through use of assets of the plan by the fiduciary, and shall be subject to such other equitable or remedial relief as the court may deem appropriate, including removal of such fiduciary." (West 2013).

4

more [than] 'threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." Def. Memo of Law [#74] at p. 8.[6]

Plaintiff responds that the Complaint plausibly pleads all of its causes of action. *See*, Pl. Memo of Law [#9-5]. On May 16, 2013, Defendants filed a reply memo of law. Docket No. [#11].[7] On September 13, 2013, counsel for the parties appeared before the undersigned for oral argument of the motion.

DISCUSSION

Defendant has moved to dismiss the complaint for failure to state a claim, and the standard for such motions is well settled:

> Federal Rule of Civil Procedure 8(a)(2) requires only a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests. While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact).

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964–65, 167 L.Ed.2d 929 (2007); *see also, ATSI Communications, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d

---

[6]Defendants also contend that Plaintiff's second cause of action is duplicative of a different action, *Rochester Laborers' Funds v. Massa*, 07-CV-6171 CJS, that was pending when the motion to dismiss was filed. See, Def. Memo of Law [#7-4] at p. 2. However, that earlier action, which is now closed, expressly complained of matters occurring in 2003 and 2004. Accordingly, it does not appear that Plaintiff's second cause of action is duplicative of the earlier claim.

[7]Defendants maintain, *inter alia*, that the Court should not consider matters outside of the pleadings that Plaintiffs submitted as part of their opposition papers. The Court agrees and has not relied on those matters outside the pleadings in deciding that the Complaint adequately states a claim.

Cir.2007) ("To survive dismissal, the plaintiff must provide the grounds upon which his claim rests through factual allegations sufficient 'to raise a right to relief above the speculative level.' ") (*quoting Bell Atl. Corp. v. Twombly* ) (footnote omitted).

When applying this "plausibility standard," the Court is guided by "two working principles":

> First, although a court must accept as true all of the allegations contained in a complaint,[8] that tenet is inapplicable to legal conclusions, and threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss, and determining whether a complaint states a plausible claim for relief will be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.

*Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (citations and internal quotation marks omitted). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679, 129 S.Ct. 1937, 1950 (2009) (citation omitted). "The application of this 'plausibility' standard to particular cases is 'context-specific,' and requires assessing the allegations of the complaint as a whole." *Pension Ben. Guar. Corp. ex rel. St. Vincent Catholic Medical Centers Retirement Plan v. Morgan Stanley Inv. Management Inc.*, 712 F.3d 705, 719 (2d Cir. 2013) (citation and internal quotation marks omitted).

---

[8]The Court must accept the allegations contained in the complaint as true and draw all reasonable inferences in favor of the nonmoving party. *Burnette v. Carothers*, 192 F.3d 52, 56 (2d Cir.1999), cert. den. 531 U.S. 1052, 121 S.Ct. 657 (2000).

Applying the foregoing principles of law, the Court finds that the subject Complaint, when viewed as a whole, plausibly states the various causes of action set forth therein.

CONCLUSION

Defendants' motion to dismiss [#7] is denied.

SO ORDERED.

Dated:      September 18, 2013
            Rochester, New York

                                        /s/ Charles J. Siragusa
                                        CHARLES J. SIRAGUSA
                                        United States District Judge